Filed 9/2/20  P. v. Flores CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EDWARD JOHN FLORES,<br><br>Defendant and Appellant. | C088771<br><br>(Super. Ct. No. 18FE021313) |

Appointed counsel for defendant, Edward John Flores, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors favorable to defendant, we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Defendant pleaded no contest to leaving the scene of an accident resulting in death (Veh. Code, § 20001, subd. (b)(2)—count one; statutory citations that follow are to the

1

Vehicle Code unless otherwise noted) and driving on a suspended license (§ 14601.2, subd. (a)). The factual basis for the plea was that defendant: "did commit a felony violation of Vehicle Code Section 2001 (b)(2), in that the defendant did knowingly and unlawfully while driving a motor vehicle was involved in and did cause an accident resulting in the death of Deshon Romance (phonetic). Immediately following that accident, the defendant then failed, refused and neglected to give Mr. Romance [*sic*] -- did fail to give the victim and to the police officer at the scene his name, his address, his registration number to his vehicle, the name and owner of his vehicle to exhibit his operator license, and to render reasonable assistance to the injured person, and otherwise failed to perform the duty specified in Vehicle Code Sections 2003 as well as 2004.

"Also, on the same date and time in Sacramento County, the defendant committed a misdemeanor violation of Vehicle Code Section 14601.2 (a), in that the defendant did [*sic*]-- or was unlawfully driving that motor vehicle upon a highway at a time when his driving privileges were suspended and revoked due to a prior DUI, and he, while driving, had knowledge of that suspension and revocation."

Defendant's request for probation was denied. He was sentenced to the upper term of four years in prison and awarded 81 days custody credit plus 80 days conduct credit for a total of 161 days. For count two, the court denied probation and declined to sentence defendant to any additional time. The court imposed a fine of $300 (§ 14601.2, subd. (d)(1).) The court also imposed a $1,200 restitution fine (Pen. Code, § 1202.4), a stayed $1,200 parole revocation restitution fine (Pen. Code, § 1202.45), and ordered defendant pay $2,393 to the victim restitution fund. The court did not impose the two $40 court operations assessment fees (Pen. Code, § 1465.8) and two $30 conviction assessment fees (Gov. Code, § 70373) for defendant's convictions, relying on recent appellate authority.

Defendant timely appealed and did not request a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We recognize the trial court erred in failing to either impose a sentence within the required range (§ 14601.2, subd. (d)(1)) or exercise its discretion under Penal Code section 1385 to strike the offense or punishment in the interests of justice. However, we will not send the matter back for resentencing because defendant has already served more time than the trial court could have concurrently imposed. (§ 14601.2, subd. (d)(1).)

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant. Our review of the record did disclose that certain fees not imposed by the trial court were included within the sentencing minute order and abstract of judgment. We will direct the trial court to correct these errors.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment and an amended sentencing minute order striking the court operations assessment fees (Pen. Code, § 1465.8) and the conviction assessment fees (Gov. Code, § 70373) reflected in these documents, which were not imposed by the court at sentencing. The court shall forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed.

                                               _____

                                               HULL, Acting P. J.

We concur:

_____

HOCH, J.

_____

RENNER, J.